UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST**<br>1470 Worldwide Place<br>Vandalia, Ohio 45377 | **CASE NO.** |
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST**<br>1470 Worldwide Place<br>Vandalia, Ohio 45377 | **JUDGE** |
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST**<br>1470 Worldwide Place<br>Vandalia, Ohio 45377 | **COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE RELIEF AND ATTORNEYS' FEES FOR VIOLATIONS OF ERISA** |
| Plaintiffs, | |
| v. | |
| **TRANS WORLD CONSTRUCTION SERVICES INC.**<br>477 Yale Avenue<br>Zanesville, OH 43701 | |
| **ERIN RITCHEY**<br>477 Yale Avenue<br>Zanesville, OH 43701 | |
| Defendants. | |

1.     This is a suit brought by three employee benefit plans against an employer, Trans

World Construction Services Inc. ("TWC") for its violations of Section 515 of Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, and for breach of a collective bargaining agreement.  The Plaintiffs seek to recover delinquent employer fringe benefit contributions, pre-judgment interest, liquidated damages, attorneys' fees, costs of this action, and equitable relief pursuant to the provisions of ERISA and the LMRA. Plaintiffs also seek post-judgment interest pursuant to Title 28 U.S.C. § 1961.

2. Plaintiffs have also brought this suit against Erin Ritchey, personally, for breaching her fiduciary duties in violation of Section 409 of ERISA, 29 U.S.C. § 1109, for engaging in prohibited transactions in violation of Section 406 of ERISA, 29 U.S.C. § 1106.

<u>PARTIES - BENEFIT TRUST</u>

3. The Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** (the "Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust (the "Benefit Trust Agreement"), entered into on August 1, 1952, between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (the "Participating Unions") and various employers having collective bargaining agreements ("CBAs") with the Participating Unions involved.  The Benefit Trust Agreement is attached hereto as **Exhibit 1**. The Benefit Trust Agreement has been amended from time to time.

4. The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families. The Benefit Trust is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

<u>PARTIES - THE PENSION TRUST</u>

5.      The Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** (the "Pension Trust"), was created pursuant to a written Agreement and Declaration of Trust (the "Pension Trust Agreement"), entered into on October 30, 1962, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved.  The Pension Trust Agreement is attached hereto as **Exhibit 2**. The Pension Trust Agreement has been amended from time to time.

6.      The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries. The Pension Trust is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, Title 29 U.S.C. § 1002(2).

<u>PARTIES – ANNUITY TRUST</u>

7.      The Plaintiff, **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST** (the "Annuity Trust") (hereinafter the Benefit Trust, the Pension Trust, and the Annuity Trust shall be referred to collectively as the "Trusts"), was created pursuant to a written Agreement and Declaration of Trust (the "Annuity Trust Agreement") (hereinafter the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement shall be referred to collectively as the "Trust Agreements"), entered into on April 27, 1971, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved.  The Annuity Trust Agreement is attached hereto as **Exhibit 3**. The Annuity Trust Agreement has been amended from time to time.

8.      The Annuity Trust was created for the purpose of providing annuity benefits for

participating employees and their beneficiaries. The Annuity Trust is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, Title 29 U.S.C. § 1002(2).

<u>PARTIES – TRANS WORLD CONSTRUCTION SERVICES INC.</u>

9.    Defendant Trans World Construction Services Inc. is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 respectively and Section 301(a) of the LMRA with its principal place of business in the State of Ohio.

<u>PARTIES – ERIN RITCHEY</u>

10.    Upon information and belief, Defendant Erin Ritchey is the owner and/or principal officer of Defendant TWC

11.    Upon information and belief, Defendant Erin Ritchey is a fiduciary to the Trusts within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), in that she exercises or that she has exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer fringe benefit contributions that are owed to the Trusts.

<u>JURISDICTION, VENUE AND STANDING</u>

12.    The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3), (e)(1), (f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1), (f), and (g)(2) respectively, which provide that the United States district courts shall have exclusive jurisdiction, without regard to the amount in controversy, or the citizenship of the parties, to enforce the provisions of ERISA, or the terms of the plan, or to remedy violations of Section 515 of ERISA,  29 U.S.C. § 1145.

13.    The principal place of operation and administration of the Trusts is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28

U.S.C. § 115(b)(1).

14.    This action is properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a district court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

15.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the Plaintiffs and Defendants all reside within this judicial district.

16.    Pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), the Trusts may sue, as entities, for the relief sought in this case.

<u>THE TRUSTS ARE MULTIEMPLOYER PLANS<br>WITHIN THE MEANING OF ERISA</u>

17.    The Trusts are maintained pursuant to one or more CBAs between one or more labor organizations and more than one employer. Said CBAs require more than one employer to contribute to the Trusts. Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

<u>THE PARTICIPATION AGREEMENT</u>

18.    At all times relevant to this action Defendant TWC has been party to one or more agreement, known as the "Participation Agreement," with the Trusts, whereby Defendant TWC agreed to do the following:

      i.    To accept, to be bound by, and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Benefit Trust, the Pension Trust, and the Annuity Trust, as follows: (a) [t]he Agreement and Declaration of Trust, dated August 1, 1952, and establishing the Benefit Trust, as amended, and as thereafter amended (herein called the "Benefit Trust Agreement"); (b) [t]he Agreement and Declaration of Trust, dated October 30,

1962, establishing the Pension Trust, as amended, and as hereafter amended (herein called the "Pension Trust Agreement"); and (c) [t]he Agreement and Declaration of Trust, dated April 27, 1971, establishing the Annuity Trust, as amended, and as hereafter amended (herein called the "Annuity Trust Agreement"); and

ii. To contribute to the Benefit Trust, the Pension Trust, and the Annuity Trust at the contribution rates contained [by collective bargaining agreements with the International Association of Bridge, Structural, and Ornamental Iron Workers, or its local unions, covering the Defendant's employees].

A copy of Defendant TWC's Participation Agreement is attached hereto as **Exhibit 4** to this Complaint.

19.     Pursuant to the Trust Agreements, Defendant TWC is bound to the Trusts' collection and delinquency procedures, as amended by the Trusts' Board of Trustees from time to time.

<u>RELEVANT COLLECTIVE BARGAINING AGREEMENT</u>

20.     At all times relevant to this suit, Defendant TWC has been bound to the terms of the collective bargaining agreement ("CBA") with Iron Workers Local Union 172, which is a Participating Union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers.

21.     The CBA establishes the wages, hours, and terms and conditions of employment of Defendant TWC's bargaining unit employees covered thereunder.

22.     Among the wages, hours, and terms and conditions of employment established by the CBA.

23.      CBA is the requirement that Defendant TWC contribute a certain amount per hour for each covered employee to the Trusts.

24.     The Participation Agreement obligates Defendant TWC to make fringe benefit

contributions to a multiemployer plan or plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

25.     The CBA also requires Defendant TWC to deduct union dues from the pay of each of its bargaining unit employees and remit the dues to the Union on a monthly basis together with the contributions required to be paid to the Trusts.

26.     Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

**COUNT I – DEFENDANT TWC IS DELINQUENT WITH ITS FRINGE BENEFIT CONTRIBUTIONS TO THE TRUSTS IN VIOLATION OF SECTION 515 OF ERISA, 29 U.S.C. § 1145**

27.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

28.     Defendant TWC has employed workers whose wages, hours, and terms and conditions of employment are set forth in the CBA.

29.     Among the terms and conditions of employment in the CBA is the requirement that Defendant TWC to make employer fringe benefit contributions to the Trusts on behalf of covered employees.

30.     Defendant TWC failed and refused to make such fringe benefit contributions to the Trusts on behalf of its covered employees, as is required by the terms of the Trust Agreements and the CBA, and is delinquent to the Trusts in violation of the terms of the Trust Agreements, the CBA, and the Trusts' policies and procedures.

31.     Pursuant to the Trusts Agreements, the Participation Agreement, and the CBA,

Defendant TWC is also required to return monthly employer fringe benefit contribution reporting forms indicating the number of hours worked by participating iron workers in the relevant month. These reporting forms allow the Trusts to calculate the fringe benefit contributions due and owed for that month on behalf of their participants.

32.     Defendant TWC has failed and/or refused to return copies of all required monthly employer fringe benefit contribution reporting forms, including forms setting forth all hours worked during certain weeks.

33.     Defendant TWC's failure and refusal to make employer fringe benefit contributions to the Trusts is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

34.     Defendant TWC's failure and refusal to return all required monthly employer fringe benefit contributions reports to the Trusts is a further violation of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

<u>THE BENEFIT TRUST'S CLAIMS AGAINST DEFENDANT TWC</u>

35.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

36.     Article III of the Benefit Trust Agreement, to which Defendant TWC has agreed to be bound, by virtue of signing the Participation Agreement, requires that Defendant TWC makes such fringe benefit contributions to the Benefit Trust as shall be provided by the terms of the CBA previously alleged.

37.     Defendant TWC has failed and refused to timely make employer fringe benefit contributions to the Benefit Trust as is required by the CBA.

38.     As a result of Defendant TWC's failure and refusal to make employer fringe benefit contributions to the Benefit Trust, pursuant to Article III, Section 2 of the Benefit Trust Agreement,

TWC owes to the Benefit Trust pre-judgment interest and liquidated damages, which have not been paid.

39.     Based on the documents and information that Defendant TWC has provided to the Trusts, and the delinquency of certain payments made, it owes the Benefit Trust for delinquent contributions and pre-judgment interest as follows:

**Delinquent employer fringe benefit contributions:**        **$90,940.30**

**Pre-judgment interest:**                                    **$5,335.88**

40.     The exact amounts owed by Defendant TWC to the Benefit Trust may increase, but is unknown due to TWC's failure to timely provide fringe benefit contribution reports that are required by the Trusts Agreements, the Participation Agreement, and the CBA.

41.     Upon information and belief, the Benefit Trust alleges that additional amounts are owed as delinquent fringe benefit contributions, liquidated damages, and pre-judgment interest based on other monthly employer fringe benefit contributions reports that Defendant TWC has failed and or refused to produce.

42.     The Benefit Trust has been forced to bring this legal action, meaning it is entitled to its costs and reasonable attorneys' fees pursuant to Article III, Section 8 of the Benefit Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

<u>PENSION TRUST'S CLAIMS AGAINST DEFENDANT TWC</u>

43.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

44.     Article VIII of the Pension Trust Agreement, to which Defendant TWC has agreed to be bound, by virtue of signing the Participation Agreement, requires that TWC makes such fringe benefit contributions to the Pension Trust as shall be provided by the terms of the CBA

previously alleged.

45.     Defendant TWC have failed and refused to make employer fringe benefit contributions to the Pension Trust as is required by the CBA.

46.     As a result of Defendant TWC's failure and refusal to make employer fringe benefit contributions to the Pension Trust, pursuant to Article VIII, Section 2 of the Pension Trust Agreement, TWC owes to the Pension Trust pre-judgment interest and liquidated damages.

47.     Based on the documents and information that Defendant TWC has provided to the Trusts, it owes the Pension Trust delinquent employer fringe benefit contributions and pre-judgment interest as follows:

**Delinquent employer fringe benefit contributions:**     **$111,263.34**

**Pre-judgment interest:**     **$6,739.06**

48.     The exact amounts owed by Defendant TWC to the Pension Trust may increase, but is unknown due to its failure to timely provide fringe benefit contribution reports that are required by the Trusts Agreements, the Participation Agreement, and the CBA.

49.     Upon information and belief, the Pension Trust alleges that additional amounts are owed as delinquent fringe benefit contributions, liquidated damages, and pre-judgment interest based on other monthly employer fringe benefit contributions reports that Defendant TWC has failed and or refused to produce.

50.     The Pension Trust has been forced to bring this legal action, meaning it is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Pension Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

<u>ANNUITY TRUST'S CLAIMS AGAINST DEFENDANT TWC</u>

51.     The allegations contained in the paragraphs of this Complaint immediately

preceding this paragraph are alleged as if fully restated herein.

52.     Article VIII of the Annuity Trust Agreement, to which Defendant TWC has agreed to be bound, by virtue of signing the Participation Agreement, requires that TWC to make such fringe benefit contributions to the Annuity Trust as shall be provided by the terms of the CBA previously alleged.

53.     Upon information and belief, Defendant TWC has failed and refused to make employer fringe benefit contributions to the Annuity Trust as is required by the CBA.

54.     As a result of Defendant TWC's failure and refusal to make employer fringe benefit contributions to the Annuity Trust, pursuant to Article VIII, Section 2 of the Annuity Trust Agreement, TWC owes to the Annuity Trust pre-judgment interest and liquidated damages.

55.     Based on the documents and information that Defendant TWC has provided to the Trusts, it owes the Annuity Trust delinquent employer fringe benefit contributions and pre-judgment interest as follows:

**Delinquent employer fringe benefit contributions:**          **$47,931.21**

**Pre-judgment interest:**                                                        **$2,957.96**

56.     The exact amounts owed by Defendant TWC to the Annuity Trust may increase, but is unknown due to its failure to timely provide fringe benefit contribution reports that are required by the Trusts Agreements, the Participation Agreement, and the CBA.

57.     Upon information and belief, the Annuity Trust alleges that additional amounts are owed as delinquent fringe benefit contributions, liquidated damages, and pre-judgment interest based on other monthly employer fringe benefit contributions reports that Defendant TWC has failed and or refused to produce.

58.     The Annuity Trust has been forced to bring this legal action, meaning it is entitled

to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Annuity Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

## TRUSTS' CLAIMS AGAINST DEFENDANT TWC

59. The Trusts conducted a payroll audit of TWC for the period that included the months of January 2017 through November 2017 ("Audit").

60. As a result of the Audit, it was determined that TWC was delinquent in reporting any remitting fringe contributions to the Trusts totaling $2,919.53.

61. The Trusts provided notice of the Audit findings to TWC and demanded payment for the delinquent fringe benefit contributions totaling $2,919.53.

62. TWC has failed to timely remit payment to the Trusts in the amount $2,919.53.

63. Based on the documents and information that Defendant TWC has provided to the Trusts, it owes the Trusts delinquent employer fringe benefit contributions and pre-judgment interest as follows:

| | |
|---|---|
| **Delinquent employer fringe benefit contributions:** | **$2,919.53** |
| **Liquidated damages:** | **$768.53** |
| **Pre-judgment interest:** | **$611.54** |

## THE TRUSTS' CLAIM FOR INJUNCTIVE RELIEF FROM DEFENDANT TWC

64. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

65. Pursuant to Article III, Section 4 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement, and Article VIII, Section 5 of the Annuity Trust Agreement, Defendant TWC is required to allow the Trusts' authorized agent access to its payroll records for the purpose of a payroll audit.

66. The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), by obtaining an order requiring Defendant TWC to provide access to such records.

## COUNT III – BREACH OF FIDUCIARY DUTY IN VIOLATION OF SECTION 409 OF ERISA, 29 U.S.C. § 1109

67. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

68. Upon information and belief, Erin Ritchey is the owner, corporate officer and/or principal (Collectively referred to as "Principal").

69. Upon information and belief, Principal is Defendant TWC's shareholder.

70. Upon information and belief, Defendant Principal, at all relevant times, was the principal officer responsible for Defendant TWC.

71. Upon information and belief, Defendant Principal is the registered agent for Defendant TWC.

72. Upon information and belief, Defendant Principal had an ownership interest in Defendant TWC.

73. Upon information and belief, Defendant Principal at all relevant times had the authority to obligate Defendant TWC.

74. Upon information and belief, Defendant Principal had authority to contractually bind Defendant TWC.

75. Upon information and belief, Defendant Principal had authority to spend money on behalf of Defendant TWC.

76. Upon information and belief, Defendant Principal, at all relevant times, was authorized to sign checks on behalf of Defendant TWC.

77.     Upon information and belief, Defendant Principal failed to provide employer fringe benefit contribution reports to the Trusts for covered hours worked.

78.     Upon information and belief, Defendant Principal chose to pay other creditors, including herself, rather than paying money owed to the Trusts.

79.     Pursuant to Article I, Section 6 of the Benefit Trust Agreement and Article III, Section 6 of the Pension Trust Agreement and Annuity Trust Agreement, Employer Contributions "are Fund Assets at the time that they become due as stated in the collective bargaining agreements between the Unions and the Employers, the participation agreements, and [the] Trust Agreement[s]."

80.     Pursuant to Article I, Section 15 of the Benefit Trust Agreement and Article III, Section 15 of the Pension Trust Agreement and Annuity Trust Agreement, "Fund Assets" include:

> [T]he sums of money that have been or will be paid or which are due and owing to the Trusts by the Employers as Employer Contributions required by the collective bargaining agreements between the Unions and the Employers, the participation agreements, the Trust Agreements, as well as signed stipulations (including, but not limited to settlement agreements, promissory notes, and judgments), or applicable law.

Exhibit 1-3.

81.     Pursuant to Article III, Section 10 of the Benefit Trust Agreement and Article VIII and Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, a contributing employer's owners, officers, employees, agents, and/or representatives may be held personally liable for failing to make or pay Employer Contributions, providing as follows:

> Not by way of limitation, any of an Employer's officers, owners, employees, agents, and/or representatives, however characterized, who exercise discretion and/or control with respect to the management, disposition, payment, or nonpayment of Employer Contributions that are due and owing to the [Trusts] (or any Fund Assets) shall be deemed "fiduciaries" of the [Trusts] within the meaning of [ERISA], including but not limited to 29 U.S.C. §1002(21)(A)(i), and shall be personally liable to

the [Trusts] for the unpaid contributions, as well as all other amounts and damages resulting from the breach of fiduciary duty pursuant to ERISA, including but not limited to 29 U.S.C. §1109.

Exhibit 1-3.

82.     Upon information and belief, at all relevant times herein, Defendant Principal had the power and authority to pay Defendant TWC's creditors, including the Trusts.

83.     Upon information and belief, at all relevant times herein, Defendant Principal exercised his authority and control with respect to Defendant TWC's finances, including making determinations as to which creditors would be paid and in what order.

84.     Upon information and belief, at all relevant times herein, Defendant Principal directly and personally determined that Defendant TWC would not pay the Trusts' owed fringe benefit contributions.

85.     Upon information and belief, at all relevant times herein, Defendant Principal determined that Defendant TWC's assets and monies would be used to pay other creditors, expenses, or that said assets and monies would be diverted to the general assets of TWC, or used for other purposes, besides paying its fringe benefit contributions and other amounts owed to the Trusts.

86.     Upon information and belief, at all relevant times Defendant Principal directly and personally determined that the Defendant TWC's assets would be used for purposes other than the sole and exclusive purpose of providing benefits to the Trusts' participants and beneficiaries, defraying the Trusts' reasonable expenses, and paying the required fringe benefit contributions to the Trusts on behalf of the Trusts' participants.

87.     Upon information and belief, Defendant Principal is a fiduciary under the Trust Agreements and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because she

exercises (or has exercised) discretionary authority and control over Defendant TWC and its financial assets, which should have been used to pay amounts owed to the Trusts. TWC's financial assets have not been applied to satisfy fringe benefit contributions and other monetary amounts that are owed to the Trusts, which remain outstanding as alleged herein.

88.     Defendant Principal owes fiduciary duties to the Trusts and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§ 1104(a), 1106, and 1108.

89.      Upon information and belief, Defendant Principal grossly and deliberately breached her fiduciary duties by failing to remit employer fringe benefit contributions to the Trusts and by diverting such fringe benefit contributions for other purposes.  In so doing, Principal:

> failed to discharge his fiduciary duties with respect to the Trusts solely in the interest of the participants and beneficiaries of the Plan: (i) in violation of Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1); (ii) for the exclusive purpose of providing benefits to the participants and beneficiaries of those plans, in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and (iii) in accordance with the documents and instruments governing those plans, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. §1104(a)(1)(D); caused the Trusts' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the Trusts.

90.     Upon information and belief, by the aforementioned acts, errors, and omissions described herein, Defendant Principal breached her fiduciary duties with respect to the Trusts. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, Principal is personally liable to make good to the Trusts and their participants for all losses resulting from such breaches.

### COUNT III – ERIN RITCHEY ENGAGED IN ONE OR MORE THAN ONE PROHIBITED TRANSACTION

91.     The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

92.    Principal in her capacity as fiduciary of the Trusts and as officers/shareholders of Defendant TWC, as set forth above, is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

93.    Defendant TWC is a contributing employer of the Trusts, as set forth above, and is a party in interest to the Trusts as set forth in Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

94.    Upon information and belief, by diverting, or permitting, or allowing the diversion of employer fringe benefit contributions from the Trusts, Defendant Principal dealt with Defendant TWC's assets in her own interests or accounts or in the related interest or account of TWC over which Principal has authority and control, in violation of Section 406(b) of ERISA, 29 U.S.C. § 1006(b).

95.    Upon information and belief, by diverting, permitting, or allowing the diversion of employer fringe benefit contributions from the Trusts as alleged above for the benefit of one or more parties in interest, whether for his own interest, or for the related interest of the Defendant TWC, Principal engaged in prohibited transactions under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Trusts request that this honorable Court grant them the following relief:

## AS TO DEFENDANT TWC:

1.    A declaratory order finding Defendant TWC is bound to the CBA, the Trust Agreements, and the Participation Agreement.

2.    A monetary judgment against Defendant TWC in favor of Plaintiffs for all fringe benefit contributions, interest, and liquidated damages found owing to the Plaintiffs, including but not limited to the **$269,467.35** known to be owed to the Trusts based on the documents and

information that Defendant TWC has provided to the Trusts.

3.    A monetary judgment against Defendant TWC in favor of Plaintiffs for Plaintiffs' attorneys' fees and other costs of this action.

4.    A permanent injunction against Defendant TWC be issued pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

5.    A declaratory order from this Court requiring Defendant TWC to timely submit all missing fringe benefit contribution reports, and to timely submit all such reports in the future in accordance with the terms set forth in the Trust Agreements and Participation Agreement.

6.    A monetary judgment against Defendant TWC for all unpaid dues, assessments, fringe benefit contributions, interest, and liquidated damages owed under all missing fringe benefit contribution reports.

7.    A declaratory order from this Court requiring Defendant TWC to comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit, with the costs of such accounting to be paid by TWC, should the Trusts determine such an audit is necessary.

8.    A declaratory order from this Court requiring Defendant TWC to comply with any request by the Trusts for payroll documents, including but not limited to reports containing the specific employees and the number of hours worked by each employee per week for each project worked by TWC and its employees as required by the Trust Agreements.

9.    A monetary judgment against Defendant TWC in favor or Plaintiffs for all unpaid dues, assessments, fringe benefit contributions, interest, and liquidated damages found owing after any payroll audit is performed.

10. A declaratory order finding Defendant TWC breached and is in default on the settlement agreement it reached with the Trusts by failing to remain current on its employer fringe benefit contribution obligation and by failing to timely submit employer fringe benefit contribution reports.

11. An order directing disgorgement of all ill-gotten gains by Defendant TWC, including employer fringe benefit contributions that have been wrongfully withheld from the Trusts.

12. Post judgment interest pursuant to 28 U.S.C. § 1961.

13. Such other legal or equitable relief as this Court deems appropriate.

## **AS TO DEFENDANT ERIN RITCHEY:**

14. A declaratory order finding that Erin Ritchey breached her fiduciary duties owed to the Trusts.

15. A declaratory order finding that Erin Ritchey engaged in prohibited transactions under ERISA.

16. A declaratory order finding that Erin Ritchey is jointly and severally liable with Defendant TWC to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109(a), including all delinquent fringe benefit contributions, interest, liquidated damages, costs, and attorneys' fees.

17. A monetary judgment against Erin Ritchey in favor of Plaintiffs for all Defendant TWC's unpaid fringe benefit contributions, interest, and liquidated damages, including but not limited to the **$269,467.35** known to be owed to the Trusts based on the documents and information that has been provided to the Trusts.

18. A monetary judgment against Erin Ritchey in favor of Plaintiffs for Plaintiffs'

attorneys' fees and other costs of this action.

19.     A declaratory order from this Court requiring Erin Ritchey to aid and assist Defendant TWC in timely submitting all missing fringe benefit contribution reports, and to timely submit all such reports in the future in accordance with the terms set forth in the Trust Agreements and Participation Agreement.

20.     A monetary judgment against Erin Ritchey, jointly and severally with Defendant TWC, for all unpaid fringe benefit contributions, interest, and liquidated damages owed under all missing fringe benefit contribution reports.

21.     A declaratory order directing Erin Ritchey to aid and assist in an accounting of all of Defendant TWC's delinquent fringe benefit contributions that have not been paid to the Trusts due to her orders or direction, and an accounting of all losses suffered by the Trusts and their participants as a result of Principal's fiduciary breaches and prohibited transactions, with costs of such accounting to be paid by Principal, should the Trusts determine such an accounting is necessary.

22.     A monetary judgment against Erin Ritchey in favor or Plaintiffs for all unpaid fringe benefit contributions, liquidated damages, and pre-judgment interest found owing from the payroll audit, if a payroll audit is performed and discovers unpaid damages.

23.     A monetary judgment directing Erin Ritchey to pay to the Trusts all amounts required to recover the losses suffered by the Trusts and their participants, including all rights and benefits to which such participants were entitled to under the Trusts' plans of benefits, as a result of her breaches of fiduciary duty and prohibited transactions.

24.     An order directing disgorgement of all ill-gotten gains by Erin Ritchey including employer fringe benefit contributions that have been wrongfully withheld from the Trusts.

25.     Post judgment interest pursuant to 28 U.S.C. § 1961.

26.     Such other relief as the Court may deem equitable and just under the circumstances.

27.     The Plaintiffs request that this Court retain jurisdiction over this Case pending Defendants' compliance with its orders.

Respectfully submitted,


/s/ Joseph C. Hoffman, Jr.
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
Joseph D. Mando (Ohio Reg. No. 0082835)
David M. Pixley (Ohio Reg. 0083453)
Faulkner, Hoffman & Phillips, LLC
20445 Emerald Parkway Dr., Suite 210
Cleveland, Ohio 44135-6029
Phone: (216) 781-3600
Fax:    (216) 781-8839
Email: hoffman@fhplaw.com
Email: mando@fhplaw.com
Email: pixley@fhplaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2018, a copy of the foregoing complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

> Secretary of the Treasury
> Internal Revenue Service
> 1111 Constitution Avenue, N.W., Room 4428
> Washington, D.C. 20224
> Attention:      Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, D.C. 20210
> Attention:      Assistant Solicitor for
>                 Plan Benefits Security

> Respectfully submitted,
>
> /s/ Joseph C. Hoffman, Jr.
> Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)